FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

2014 DEC -8 P 3: 21

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:09-CR-368REP |
| | ) | |
| COVEY ANDREWS | ) | **UNDER SEAL** |

**RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

COMES NOW, the United States of America, by counsel, and responds as follows to defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Defendant's Motion").

## BACKGROUND

On September 11, 2009, officers of the Richmond Police Department stopped the Mercedes Benz defendant was driving in the vicinity of Brookland Park Boulevard. When defendant refused consent to search the vehicle, Detective Jason Norton obtained a search warrant for the car. Subsequently, officers recovered 33.4 grams of heroin, a digital scale, sandwich baggies, a plastic bag containing small rubber bands and a loaded Smith& Wesson .357 semi-automatic pistol. Defendant was a convicted felon at the time, so could not lawfully possess the ammunition.

On December 22, 2009, defendant pled guilty to possession with the intent to distribute heroin, in violation of 21 U.S.C. § 841; and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). The Court sentenced defendant on March 22, 2010, to a term of imprisonment of 30 months on the drug offense, and to a consecutive term of imprisonment of 60 months on the firearm count.

2

The search warrant was obtained by then Richmond Police Officer Jason Norton, who submitted with the application a sworn affidavit stating that he had received information from a confidential informant who stated that a individual known as "Boo" [the defendant] had placed a large amount of heroin in a silver Mercedes Benz located in a parking lot in the 1300 block of Brookland Park Boulevard. Officer Norton also included information regarding his observations of the described vehicle and the subsequent stop. In addition, Officer Norton provided information describing the reliability of the informant based on information the informant had previously provided him.

On or about July 1, 2014, the United States Attorney's Office provided defendant's counsel with information that potentially calls into question the work of former Richmond Police Officer Jason Norton. Based on an investigation into a number of other search warrant affidavits prepared and sworn to by Officer Norton, it is possible that the information provided about the reliability of the informant in the search warrant affidavit for the defendant's search warrant might not be accurate. However, at this time there is no definitive proof that it is inaccurate, or that if it is inaccurate, that it was an intentional misstatement of material facts.

## DEFENDANT'S CLAIMS

Defendant claims that his Fourth Amendment rights were violated because the search warrant was issued upon false information and absent that false information no probable cause existed to support the issuance of a search warrant. Defendant seeks an order vacating his conviction and requests a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978) to hear testimony and consider evidence challenging the statements contained in the search warrant affidavit and the validity of the search warrant.

## ARGUMENT

"After the imposition of a sentence, a guilty plea may be set aside pursuant to 28 U.S.C. § 2255." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013). A guilty plea is valid only where it is a voluntary and intelligent choice. *Fisher*, 711 F.3d at 462. "[A] guilty plea is not knowingly and voluntarily made when the defendant has been misinformed" as to a crucial aspect of his case. *Id, quoting United States v. Brown*, 117 F.3d 471, 473 (11th Cir. 1997). .

"[T]o set aside a plea as involuntary, a defendant who was fully aware of the direct consequences of the plea must show that (1) 'some egregiously impermissible conduct (say, threats, *blatant misrepresentations,* or untoward blandishments by government agents) antedated the entry of his plea' and (2) 'the misconduct influenced his decision to plead guilty or, put another way, that it was material to that choice.'" *Fisher*, 711 F.3d at 465, *quoting Ferrara v. United States*, 456 F.3d 278, 290 (1st Cir.2006) (emphasis added in *Fisher*) (citations omitted); *see also Brady v. United States*, 397 U.S. at 755, 90 S.Ct. 1463. Defendant, however, bears the burden of proof. *United States v. Pettiford*, 612 F.3d 270, 277 (4th Cir. 2010).

In *Fisher*, the defendant was charged with drug trafficking and a firearm crime solely based on evidence seized from his residence during the execution of a search warrant. *Fisher*, 711 at 463. Subsequently, the defendant pleaded guilty to the firearm charge and was sentenced to ten years in prison. *Id.* Over a year later, Officer Lunsford, who had sworn out the affidavit that supported the search warrant, pleaded guilty to a variety of fraud and theft offenses related to his duties as a DEA taskforce officer. As a part of his plea, Officer Lunsford admitted he had falsely identified a confidential informant on an affidavit supporting a wiretap application, an affidavit supporting a criminal complaint, and numerous investigation reports. Specifically with regard to Fisher's case, the officer admitted that the confidential informant he identified in the

search warrant affidavit "had no connection to the case" and that another individual was "the real informant[.]" *Id.*

Fisher filed a motion to vacate his guilty plea based on this new information, which the district court denied. Subsequently, defendant filed a 2255 motion seeking to vacate the judgment. *Id.* The district court denied that motion as well. *Id.* 711 F.3d at 463-64.

The Fourth Circuit reversed, holding that the officer's false statement in the search warrant affidavit amounted to impermissible government conduct and that the defendant's plea was induced by that misconduct. *Id.* at 462, 467-68. In so holding, the Fourth Circuit stated:

> Given the totality of the circumstances of this case – a law enforcement officer intentionally lying in an affidavit that formed the sole basis for searching the defendant's home, where evidence forming the basis of the charge to which he pled guilty was found – Defendant's plea was involuntary and violated his due process rights. Under these egregious circumstances, Defendant was "deceived into making the plea, and the deception prevents his act from being a true act of volition." *Lassiter v. Turner*, 423 F.2d 897, 900 (4th Cir. 1970).

*Id.* at 469. The Court went on to explain, "If a defendant cannot challenge the validity of a plea based on subsequently discovered police misconduct, officers may be more likely to engage in such conduct, as well as more likely to conceal it to help elicit guilty pleas. *See Sanchez v. United States*, 50 F.3d 1448, 1453 (9th Cir.1995) (stating that "if a defendant may not raise a *Brady* claim after a guilty plea, prosecutors may be tempted to deliberately withhold exculpatory information as part of an attempt to elicit guilty pleas"). *Id.*

In the present case, as in *Fisher*, the defendant was charged with a crime based on evidence seized during the execution of a search warrant. Defendant pleaded guilty to that

4

charge and was sentenced. Subsequently, on or about July 1, 2014,[1] defendant and his attorney learned for the first time that information contained in the search warrant affidavit might contain incorrect information. Also, as in *Fisher*, neither the defendant nor the United States was aware of the information at the time the defendant was charged or pleaded guilty. Further, as in *Fisher*, the defendant here admitted that he committed the offense of conviction during his plea colloquy.

However, unlike *Fisher*, in the present case there is no admission by the affiant that information contained in the affidavit was incorrect, let alone intentionally false. There appears to have been an informant who provided Officer Norton the probable cause information as to defendant. What may be in doubt is the accuracy of the information about the reliability of that informant. Certainly the information recently provided the defendant calls into question that information; however, doubt alone does not prove that the statements in the affidavit were in fact false or, if they were false, were knowingly so, or that the affidavit lacked sufficient probable cause without the false statements to support the issuance of a search warrant. *See e.g., United States v. Doyle*, 650 F.3d 460, 468 (4th Cir. 2011) ("[F]alse information will only void a warrant if the information was necessary to the finding of probable cause."). Certainly, had the information recently provided been available to the defendant prior to the entry of his plea, he likely would have challenged the validity of the search warrant as he now seeks to do and may have elected to proceed to trial given the credibility issues that appear to surround former Officer Norton. But that information does not necessarily invalidate the search warrant for defendant's vehicle, nor does it result in the suppression of the evidence seized during that search warrant.

---

[1] Defendant filed the present motion within one year of his receipt of newly discovered information. Accordingly, the United States does not challenge the timeliness of this motion, even though it was filed more than five years after defendant's sentence became final. *See* 28 U.S.C. § 2255 (f)(4).

5

Further evidence is required to make that decision.

Thus, the question is whether the Court should have a hearing on defendant's 2255 petition or should grant defendant's 2255 petition without a hearing, allow the defendant to withdraw his plea, and then allow the defendant to challenge the search warrant at a suppression hearing and *Franks* hearing.

Section 2255(b) provides in pertinent part that,

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

In this case, the record does not conclusively show that the defendant is not entitled to relief. It also does not conclusively show that he is. Thus, a hearing on the 2255 petition certainly would be appropriate and useful to the resolution of the pending issue. Upon hearing the evidence on defendant's 2255 motion, the Court could then either deny the defendant's 2255 motion or fashion an appropriate remedy, which could include allowing the defendant to withdraw his plea and in effect start over by filing a motion to suppress and for a *Franks* hearing. Given the issues in this case, any testimony and evidence at a 2255 hearing would likely be the same as the testimony and evidence at a suppression or *Franks* hearing. Thus, the record developed at the 2255 hearing could be used in support of the latter motion, negating the need for an additional hearing.

## CONCLUSION

Based on the foregoing, the United States respectfully requests that the Court hold a hearing on defendant's 2255 motion to fully develop the record. The United States also

respectfully reserves the right to supplement its response to defendant's motion upon development of the record.

                Respectfully submitted,

                DANA J. BOENTE
                UNITED STATES ATTORNEY

By: _____
                Stephen W. Miller
                Assistant United States Attorney
                United States Attorney's Office
                600 East Main Street, Suite 1800
                Richmond, Virginia 23219

## CERTIFICATE OF SERVICE

I hereby certify on the 8th day of December, 2014, I sent a true and exact copy of the foregoing via United States first class mail, postage prepaid, and electronic mail to:

>Robert J. Wagner
>Assistant Federal Public Defender
>701 E. Broad Street, Suite 3600
>Richmond, Virginia 23219

>_____
>Stephen W. Miller
>Virginia Bar Number 23704
>Assistant United States Attorney
>Office of United States Attorney
>600 East Main Street, Suite 1800
>Richmond, Virginia 23219
>Phone: 804-819-5400
>Fax: 804-771-2316
>Stephen.miller@usdoj.gov