FILED
MAR 26 2015
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:09-CR-368HEH |
| | ) | |
| COVEY ANDREWS | ) | **UNDER SEAL** |

**SUPPLEMENTAL RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

COMES NOW, the United States of America, by counsel, and files this Supplemental Response to defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.

On September 11, 2009, Richmond Police officers recovered 33.4 grams of heroin, a loaded .357 caliber Smith & Wesson pistol, a digital scale, a box of plastic sandwich baggies, and a bag of rubber bands from the Mercedes Benz defendant was then operating. The search was pursuant to a warrant obtained by former Richmond Detective Jason Norton. Defendant, Covey Andrews, does not contest these facts. Indeed, on December 22, 2009, he pled guilty to possession with the intent to distribute the heroin, in violation of 21 U.S.C. § 841; and possession of the firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c).

Well after these events, the United States became aware that there were numerous irregularities in in the identification of informants used by former Detective Norton in search warrants, and in the paperwork associated with documenting and paying these individuals. These irregularities raised questions about the candor and accuracy of former Detective Norton.

Accordingly, the United States disclosed to defense counsel in all federal cases in which former Detective Norton had been an affiant for a warrant the fruits of its investigation to that date. As a result of the information disclosed by the United States, defendant filed the present motion, pursuant to 28 U.S.C. § 2255, to withdraw his guilty plea.

Since its initial disclosure, the United States has continued its investigation of this matter, including interviewing former Detective Norton and various individuals who have provided him with information. What that investigation has made clear is that the probable cause information in the affidavit in this case is accurate, and was provided by a reliable informant.

Nonetheless, the United States has concluded that there is sufficient *Giglio* material pertaining to former Detective Norton and sufficient reason to doubt the description of the informant in this case to warrant this Court granting the defendant's motion to withdraw his guilty plea pursuant to 28 U.S.C. § 2255. The United States is satisfied that had defendant been aware of these facts, he would not have pled guilty in this case. *See United States v. Fisher*, 711 F.3d 460 (4th Cir. 2013) (guilty plea not knowingly and voluntarily made when defendant has been misinformed as to a crucial aspect of his case.)

## CONCLUSION

Based on the foregoing, the United States respectfully requests that the Court grant defendant's 2255 motion and allow defendant to withdraw his plea of guilty.

        Respectfully submitted,

        DANA J. BOENTE
        UNITED STATES ATTORNEY

By: _____
        Stephen W. Miller
        Assistant United States Attorney
        United States Attorney's Office
        600 East Main Street, Suite 1800
        Richmond, Virginia 23219

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing Supplemental Response of the United States to Defendant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 was sent by mail this 26th day of March, 2015 to:

> Robert J. Wagner
> Assistant Federal Public Defender
> 701 East Broad Street, Suite 3600
> Richmond, Virginia 23219
> Counsel for Defendant

> Stephen W. Miller
> V.S.B. No. 23704
> Assistant United States Attorney
> Office of the United States Attorney
> 600 East Main Street, Suite 1800
> Richmond, Virginia 23219
> (804) 819-5487
> (804) 771-2316 (facsimile)
> Stephen.Miller@usdoj.gov