

FILED
APR -1 2015
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:09CR368–HEH |
| ) | Civil No. 3:14CV572–HEH |
| COVEY ANDREWS, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION
### (Granting Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255)

Petitioner Covey Andrews ("Andrews"), a federal inmate,[1] entered a plea of guilty on December 22, 2009 to Counts One and Two of the Indictment. Count One charged Andrews with Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. § 841; Count Two charged Andrews with Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c). On March 19, 2010, he was sentenced to 30 months of imprisonment on Count One and 60 months of consecutive confinement on Count Two, followed by five years of supervised release.

The case is presently before the Court on Andrew's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 33), which was timely filed. Andrews's claims focus on the integrity of the search warrant affidavit enabling a Richmond City police detective to obtain authority to search a silver Mercedes he was operating on September 11, 2009.

---

[1] Andrews is currently serving his sentence at the Federal Correctional Institute Butner Low, in Butner, NC.

As the United States Court of Appeals for the Fourth Circuit restated in *United States v. Fisher*,

> to set aside a plea as involuntary, a defendant who was fully aware of the direct consequences of the plea must show that (1) "some egregiously impermissible conduct (say, threats, blatant misrepresentations, or untoward blandishments by government agents) antedated the entry of his plea" and (2) "the misconduct influenced his decision to plead guilty, or put another way, that it was material to that choice."

711 F.3d 460, 465 (4th Cir. 2013) (quoting *Ferrara v. United States*, 456 F.3d 278, 290 (1st Cir. 2006)); *see also Brady v. United States*, 397 U.S. 742, 755 (1970).

Andrews's § 2255 motion, which seeks to set aside the judgment and allow him to withdraw his guilty plea, is predicated on information provided by the United States revealing material discrepancies in the affidavit supporting the search warrant in his case. Andrews's conviction is based on controlled substances, a digital scale, packaging materials, and a firearm seized during the execution of that search warrant. He contends that certain material representations in the affidavit essential to a finding of probable cause were false. He further maintains that but for the evidence seized on the basis of the materially false affidavit, he would not have pleaded guilty and would have insisted on going to trial in his case.

The United States, after conducting a thorough investigation, offers no objection to the relief sought by Andrews. The government concedes that there is a high probability that critical information contained in the search warrant affidavit is false and

that it is material to a finding of probable cause.[2] The government therefore joins in Andrews's motion to withdraw his guilty plea in this case.

As Chief Justice Rehnquist noted in *Brecht v. Abrahamson*, "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness." 507 U.S. 619, 633 (1993) (internal quotation marks omitted). This appears to be such a case.

This Court will therefore grant Andrews's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Andrews's plea of guilty and sentence will be vacated. The United States is directed to advise this Court within fourteen days as to whether it wishes to pursue further prosecution of this matter.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: April 1, 2015
Richmond, VA

---

[2] The government acknowledges that there is reason to doubt the veracity of the description of the informant in the affidavit and the credibility of the affiant.

3